## Ex parte CARTER.

## Opinion delivered September 23, 1903.

1. *Indian Country—Removal of Objectionable Persons by Secretary of Interior.*
   Under Sec. 2149 Rev. Stats. U. S. every person within the confines of
   the Indian Territory, same being "Indian country", not a member
   of one of the Indian Nations, was subject to removal by the Secretary
   of the Interior, until the passage of the Act of Cong. May 27, 1902
   prohibiting the removal of persons in lawful possession of lots in
   designated townsites.

2. *Indian Country—Intruders—City Officers and Attorneys Subject to Removal.*
   The authority of the Secretary of Interior to remove objectionable
   persons from the Indian Territory, under Sec. 2149 Rev. Stat. U. S.
   extends to aldermen of towns and cities, and to attorneys at law.

Appeal from the United States Court for the Southern
District.

HOSEA TOWNSEND, Judge.

Application by Dorset Carter for writ of habeas corpus
against J. W. Ellis, as captain United States Indian police.
From an order denying the application, applicant appeals.
Affirmed.

Appellant, who is a citizen of the United States, a white
man, and a resident of Purcell, an incorporated town in the
Southern District of the Indian Territory, and owned a residence
in and was domiciled at Purcell, and at the dates hereinafter
mentioned was a member of the town council of said town of
Purcell, was duly elected alderman thereof, was arrested by
Jack Ellis, captain of the Indian police in the Indian Territory,
under and by virtue of an order issued on October 11, 1901
by W. A. Jones, Commissioner of Indian Affairs, by and with
the approval of the Honorable E. A. Hitchcock, Secretary of the
Interior, directing the United States Indian agent, J. Blair

Shoenfelt, of the Union Agency, at Muskogee, Ind. Ter., to cause the removal from said territory and the Chickasaw Nation of the said Dorset Carter, together with all his personal effects and all cattle owned, kept, or controlled by him within the limits of said nation, under and in accordance with the provisions of section 2149 of the Revised Statutes of the United States; that said Ellis, as captain of the Indian police, received the above-mentioned order on October 25th, proceeded to execute the same by arresting said Carter preliminary to removing him and his effects from said Chickasaw Nation and Indian Territory; that while in custody of said Ellis said Carter petitioned for a writ of habeas corpus, claiming that he was illegally restrained of his liberty by said Ellis without any lawful authority or process. Writ of habeas corpus duly issued, and petitioner was allowed to give bond in the sum of $500 to appear at the hearing set for the 27th of November, 1901, at Paul's Valley, Ind. Ter. The arrest of said Carter was made pursuant to the following letter:

"United States Indian Agent for the Indians of the Union Agency, Indian Territory.

"Exhibit A."

"Department of the Interior,

"Office of Indian Affairs,

"Washington, October 11, 1901.

"J. Blair Shoenfelt, U. S. Indian Agent, Union Agency Muskogee, I. T.—Sir: It being my judgment that the continued presence of Dorset Carter in the Indian Territory is detrimental to the peace and welfare of the Indians, I hereby direct, with the approval of the Secretary of the Interior, that you remove from the Chickasaw Nation and the Indian Territory said Dorset Carter, his personal effects and any and all cattle owned, kept or controlled by him within the limits of said nation, under and

in accordance with the provisions of Section 2149 of the Revised Statutes of the United States.

"Very respectfully,

"W. A. Jones, Commissioner.

"Approved:

"E. A. Hitchcock, Secretary."

Section 2149 of the Revised Statutes of the United States, referred to in said letter, provides as follows: "The Commissioner of Indian Affairs is authorized and required with the approval of the Secretary of the Interior, to remove from any tribal reservation any person being therein without authority of law, or whose presence within the limits of the reservation may, in the judgment of the commissioner, be detrimental to the peace and welfare of the Indians, and may employ for the purpose such force as may be necessary to enable the agent to effect the removal of such person."

On the day set for the hearing of the writ the defendant appeared in accordance with the conditions of his bond, and gave his testimony, and the United States introduced its testimony, being the order of the Secretary of the Interior hereinbefore given. Whereupon the court found its judgment, which is as follows (caption omitted:)

"Judgment. Now, on this day comes on to be heard the above matter, and the court, after hearing the evidence, is of the opinion that said Dorset Carter is legally in the custody of one J. W. Ellis, captain United States Indian police, by virtue of an order issued by J. Blair Shoenfelt, U. S. Indian Agent for the Union Agency, and an order issued by the Commissioner of Indian Affairs, approved by the Secretary of the Interior of the United States directing and commanding the said J. W. Ellis, captain United States Indian police, to remove said

Dorset Carter from the Indian Territory. It is therefore ordered that said Dorset Carter be denied the relief herein prayed for." Said judgment denying the' relief prayed for in the petition for the writ. The appellant filed his motion for a new trial, which motion is as follows(caption omitted): "Now comes Dorset Carter in the above matter, and asks the court to grant him 'a new trial herein for the following reasons, to wit: (1) Because said J. W. Ellis, Indian police, has custody of him by virtue of process which is illegal, and not warranted by law, and deprives petitioner of his liberty without 'due process of law,' and contrary to petitioner's constitutional rights as guaranteed him by the Constitution of the United States of America. (2) Because said process is absolutely void, and issued without authority of law. And, further, because the Indian Territory is not "Indian country' within the terms and meanings of the 'intercourse laws 'with the Indians. (3) Because the evidence indisputably shows petitioner to be an officer of the United States government, and by law has authority to remain in said Indian Territory. (4) Because said petitioner is a member of the bar, and a regular practicing attorney in the United States court for the Southern District of the Indian Territory. (5) Because said petitioner is a resident of Purcell, Indian Territory, a city duly organized and incorporated, and petitioner, with his wife, resides in said city, and is the owner of a residence and lot of land, which he now occupies as a home. (6) Because the court erred in allowing the respondent to introduce in evidence, over petitioner's objections, the order of removal issued by the Indian agent, because the same was incompetent, and was not a proper defense for detaining custody of petitioner, and issued without authority of law. (7) Because the court erred in sustaining a demurrer of respondent's to petitioner's reply to respondent's answer." This motion was overruled, and exception duly taken. Appeal was prayed and allowed, and the case appears in this court for hearing.

Dorset Carter, in pro. per., and Davis & Garnett, for appellant.

W. B. Johnson, for appellee.

GILL, C. J. In appellant's brief he states as a proposition at the outset that there is nothing in this appeal which affects him except the question of costs. In view of recent legislation by Congress prohibiting the removal of certain citizens from the Indian Territory, by the Secretary of the Interior (Act May 27, 1902, c. 888, 32 Stat. 425), while the matters complained of before the enactment of this law were of vital interest to the citizens of the towns of the territory, there is no longer any vitality whatever in the contention, and it would be useless for this court to go into an extended discussion of the reasons and principles of law whereby the authority of the Secretary of the Interior over the Indian Territory has been upheld by this court. These questions have been fully discussed in Maxey vs Wright, 3 Ind. Ter. Rep. 243, (54 S. W. 807). Suffice it to say that in the opinion of this court, and up to the enactment by Congress above mentioned, the Secretary of the Interior, under section 2149 of the revised Statutes of the United States, was fully authorized to remove any person within the confines of the Indian Territory who, in his judgment, was detrimental to the peace and welfare of the Indians in said territory. The contention of appellant that because he was an alderman of the town of Purcell, that he thereby became an officer under the United States laws, and was not subject to the control of the Secretary of the Interior, cannot be sustained. At the date of his arrest and detention and of hearing of the writ of habeas corpus sued out by him the town of Purcell was a part and parcel of the Choctaw and Chickasaw Nations, and while that particular portion of those nations was incorporated for municipal purposes, the title remained in the Indian tribes, and it was Indian country, and every one within its confines, not a member

of one or other of the two nations, was there subject to the rules and regulations of the Secretary of the Interior and the statutes of the United States. This has been held by this court in Maxey vs Wright, and we see no reason to change in the holding of this court.

The judgment of the lower court is, therefore, affirmed.

CLAYTON and RAYMOND, JJ., concur.